USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/6/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHIRE LABORATORIES INC.,

    Plaintiff,

    v.

BARR LABORATORIES, INC., AND
IMPAX LABORATORIES, INC.

    Defendants.

Civil Action Nos.
05-CV-8903 (RO) (RLE)

---

## JUDGMENT AND ORDER OF PERMANENT INJUNCTION

This action for declaratory judgment having been brought by Plaintiff Shire Laboratories Inc. ("Shire"), against Defendants Barr Laboratories, Inc. ("Barr") and Impax Laboratories, Inc., for infringement of United States Patent No. 6,913,768 (the "'768 Patent");

Barr acknowledges that the claims of the '768 Patent are valid and enforceable in all respects; and

Barr acknowledges that its submission of Abbreviated New Drug Application ("ANDA") No. 76-536 ("Barr's ANDA") under Section 505(j) of the Federal Food, Drug and Cosmetic Act is an act of infringement of the '768 Patent under 35 U.S.C. 271(e)(2)(A) and that selling, offering for sale, using and/or importing into the United States a product under Barr's ANDA ("Barr's Product") would infringe the '768 Patent.

Barr admits that it has conducted activities to date, including manufacturing large quantities of Barr Product, that infringe the '768 Patent. Barr admits that it has been actively and diligently working to obtain approval of the Barr ANDA to commercially manufacture, use, sell, and offer for sale the Barr Product in the United States.

Plaintiff and Barr now consent to this Judgment and

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. United States Patent No. 6,913,768 ("the '768 Patent"), owned by Shire (or its affiliates), is valid and enforceable in all respects.

3. The submission of Barr's ANDA under Section 505(j) of the Federal Food, Drug and Cosmetic Act is an act of infringement of the '768 Patent under 35 U.S.C. 271(e)(2)(A).

4. Barr would infringe the '768 Patent by making, selling, offering to sell, importing and/or using the Barr Product, and Barr has infringed the '768 patent by manufacturing Barr Product.

5. Judgment on the basis of infringement by Barr of the '768 Patent is entered in favor of Shire.

6. All affirmative defenses, claims and counterclaims which have been or could have been raised by Barr in this action are dismissed with prejudice.

7. Except as authorized and licensed by Shire, Barr, its officers, agents, servants, employees, affiliates, successors and all persons in active concert or participation with Barr, is permanently enjoined from using, promoting, offering for sale, importing, selling, shipping, distributing or manufacturing in or to the United States and/or inducing others to use, promote, offer for sale, import, sell, ship, distribute or manufacture in or to the United States a generic version of the Adderall XR product under Barr's Abbreviated New Drug Application No. 76-536.

8. Barr is also hereby enjoined and estopped during the term of the '768 Patent from making any challenge to the validity or enforceability of that patent.

9. The foregoing injunctions against Barr shall take effect immediately upon entry of this Judgment and Order by the Court, and shall continue generally with respect to the '768 Patent, and in particular with respect to paragraph 7 hereof, until the expiration of the '768 Patent unless (i) earlier terminated or modified by further order of this Court, (ii) a final judgment from which no appeal can be or is taken is entered by a U.S. court of competent jurisdiction, that the '768 Patent is unenforceable, or (iii) a final judgment from which no appeal can be or is taken is entered by a U.S. court of competent jurisdiction, that a claim or claims of the '768 Patent is invalid, but then only with respect to such invalid claim or claims.

10. This Judgment is binding upon and constitutes claim preclusion and issue preclusion with respect to infringement, validity and enforceability of the '768 Patent between the parties in this action or in any other action between the parties.

11. The parties waive all right to appeal from this Judgment.

12. This Court shall retain jurisdiction of this action and over the parties for purposes of enforcement of the provisions of this judgment.

13. Each party is to bear its own costs and attorneys' fees.

Dated: New York, New York
August 14, 2006

By: /s/ Edgar H. Haug

A Member of the Firm
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151

Attorneys for Plaintiff
Shire Laboratories Inc.

By /s/ Samuel S. Park (SP4212)

A Member of the Firm
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601

Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610

Attorneys for Defendant
Barr Laboratories, Inc.

SO ORDERED

Dated: _____, 2006

_____
Richard Owen
United States District Judge